UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARICE VALENTIN,

                              Plaintiff,

v.                                                     Civil Action No. _____

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC, MISSION LANE LLC,
and TRANSPORTATION ALLIANCE BANK INC.

                              Defendants,
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual damages, statutory damages, punitive damages, costs and attorneys fees based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C.§1681 et seq. ("Fair Credit Reporting Act" or "FCRA") and the New York Fair Credit Reporting Act (General Business Law Art. 25§§ 380 et seq.)("NYFCRA").

2. Transportation Alliance Bank Inc. (hereinafter TAB Bank) and Mission Lane LLC( hereinafter "Mission Lane"), violated the FCRA by furnishing inaccurate information to a consumer reporting agency.

3. Defendants TAB Bank and Mission Lane violated the FCRA by failing to conduct a thorough investigation and review all relevant information after receiving notice of the disputed information.

4. Defendant Experian Information Solutions, Inc., (hereinafter Experian) violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff. Said Defendant also violated the FCRA and NYFCRA by issuing credit reports to various third parties, which contained erroneous information regarding Plaintiff's credit history.

5. Defendant TransUnion LLC, (hereinafter TU) violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff. Said Defendant also violated the FCRA and NYFCRA by issuing credit reports to various third parties, which contained erroneous information regarding Plaintiff's credit history.

6. Defendants Experian and TU violated their obligation under the FCRA and NYFCRA to investigate properly all items that Plaintiff disputed in the Plaintiff's credit file maintained by them.

7. Defendants Experian and TU provided the Plaintiff's credit report, containing erroneous information, to third-parties who used such reports to make creditworthiness determinations about her and, as a result, her credit score was adversely affected. Further, Plaintiff was denied loans she applied for based upon the erroneous information provided by Experian to the lenders she had applied to.

8. Defendants Experian, TU, Mission Lane and TAB Bank negligently and willfully violated various provisions of the FCRA and Plaintiff is entitled to an award of actual damages, punitive damages, and attorney's fees and costs.

9. The Plaintiff further alleges that as a direct and proximate result of Defendants Experian, TU. Mission Lane and TAB Bank's actions, conduct and omissions, she suffered actual damages including, but not limited to, damage to her ability to obtain credit, pecuniary loss due her inability to obtain credit, damage to her reputation, emotional distress, aggravation, and frustration.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is conferred upon Defendants under the FCRA by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiff's state claims asserted herein pursuant to 28 U.S.C. §1367(a).

12. Venue is proper in this district under 15 U.S.C. §1681p and U.S.C. §1391(b).

## PARTIES

13. Plaintiff Clarice Valentin is a natural person residing in the City of Buffalo, County of Erie and State of New York.

14. Plaintiff is a "consumer" as defined by §1681a(c).

15. Defendant TAB Bank is a corporation organized and existing under the laws of the state of Utah and is authorized to do business in the state of New York.

16. Defendant TAB Bank are furnishers of information to consumer reporting agencies under section 1681 of the FCRA, and is regularly engaged in furnishing such information.

17. Defendant Mission Lane is a company organized and existing under the laws of the state of Utah and whose principle headquarters are in the state of Virginia.

18. Defendant Mission Lane are furnishers of information to consumer reporting agencies under section 1681 of the FCRA, and is regularly engaged in furnishing such information.

19. Defendant Experian Information Solutions, Inc., ("Experian") is a foreign business corporation organized and existing under the laws of the State of Ohio and authorized to do business in the state of New York.

20. Defendant TransUnion, ("TU") is a foreign business corporation organized and existing under the laws of the State of Delaware and authorized to do business in the state of New York

21. Defendants Experian and TU are a "consumer reporting agency," as defined in section 1681(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA to third parties.

22. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

23. All references to "Defendant(s)" herein shall mean the Defendant(s) or an employee of the Defendant(s).

## FACTUAL ALLEGATIONS

24. That Plaintiff allegedly incurred a Mission Lane credit card debt relative to purchases made on Stubhub, totaling $741.39, for tickets to NFL games on December 19, 2022. This debt will be referred to as the "subject debt."

25. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. That Plaintiff's Mission Lane credit card is issued by Defendant Tab Bank.

27. That Defendant Mission Lane is the servicer of the Plaintiff's credit card.

28. That Plaintiff does not owe the alleged debt.

29. In or about December 19, 2022, Plaintiff received a notification that the aforementioned charges were made on her Mission Lane credit card and immediately disputed these charges with the Defendant Tab Bank.

3

30. That on or about December 19, 2022, Defendant Tab Bank and/or Defendant Mission Lane acknowledged Plaintiff's aforementioned dispute of the December 19, 2022 NFL ticket purchases.

31. That Defendant Tab Bank and/or Defendant Mission Lane thereafter refused to remove these charges and affirmed that the Plaintiff did in fact made the purchases and owes the debt.

32. That Plaintiff had an attorney contact the Defendant Tab Bank and/or Defendant Mission Lane via correspondence dated January 31, 2023 demanding that the Tab Bank and/or Defendant Mission Lane correct their error and remove the charges as due and owing. The letter stated how the charges originated from an IP address from an I-phone in Brewster NY and that the Plaintiff lives in Buffalo NY. The letter further stated that the Plaintiff does not own an I-phone, was not in Brewster on December 19, 2022 and did not make those charges. The letter makes it very clear that the Plaintiff was a victim of identity theft.

33. That despite the above letter, the Tab Bank and/or Defendant Mission Lane continued to report the aforementioned charges as due and owing on Plaintiff's credit report.

34. That the Plaintiff's attorney resent the January 31, 2023 correspondence as well as additional proof that the Plaintiff did not make these purchases via facsimile to the Defendant Tab Bank and/or Defendant Mission Lane on March 2, 2023.

35. Thereafter, the Tab Bank and/or Defendant Mission Lane still did not correct the error and continued to report the debt on Plaintiff's credit report.

36. That the Plaintiff's attorney once again resent the January 31, 2023 correspondence as well as additional proof that the Plaintiff did not make these purchases via facsimile to the Tab Bank and/or Defendant Mission Lane on April 3, 2023.

37. Thereafter, the Tab Bank and/or Defendant Mission Lane still did not correct the error and continued to report the debt on Plaintiff's credit report.

38. That on May 10, 2023, Plaintiff disputed the subject debt with Defendant TU

39. That on May 11, 2023, Plaintiff disputed the subject debt with Defendant Experian.

40. That on May 21, 2023, Defendant TU notified the Plaintiff that it completed its investigation of her dispute and confirmed that she owed the alleged subject debt.

41. That on June 6, 2023, Defendant Experian issued a re-investigation report relative to the Plaintiff's dispute and reaffirmed that the Plaintiff owed the subject debt. The Experian report stated that the Plaintiff had a balance of $741 in February 2023 and March 2023

4

and $786 in April 2023. It also stated that there is an $842 balance as of May 2023 and that Plaintiff is 30 days late as of April 2032 and 60 days late as of May 2023.

42. That Plaintiff thereafter receiving the above listed re-investigation reports applied for financing with Service Finance Company, LLC for the installation of a sump pump system but was denied On July 6, 2023 due in part to the inaccurate Tab Bank and/or Defendant Mission Lane trade line on her TU credit report.

43. That after receiving the above listed re-investigation reports, Plaintiff also applied for financing for installation of a sump pump system through GreenSky Program loan but was denied for said financing on July 10, 2023 due in part to the inaccurate Tab Bank and/or Defendant Mission Lane trade line on her Experian credit report.

44. On July 3, 2023, Plaintiff re-disputed the Tab Bank and/or Defendant Mission Lane tradeline with Defendants Experian and TU.

45. That despite Plaintiff's second dispute with Defendants Experian and TU, the inaccurate Tab Bank and/or Defendant Mission Lane tradeline has remained on Plaintiff's credit reports.

46. That on July 7, 2023, Defendant TAB Bank through Defendant Mission Lane, sent Plaintiff a demand letter for a minimum payment of $246 to keep her account current.

47. That as a result of the Defendants' FCRA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

48. That as a result of the Defendants' FCRA violations as alleged herein, Plaintiff suffered damage to her ability to obtain credit as well as pecuniary loss due to her inability to obtain credit.

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C § 1681s(2)

49. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

50. That after receiving notice of Plaintiff's disputes of the inaccurate furnished information to Defendant Experian and Defendant TU; Tab Bank and/or Defendant Mission Lane negligently and/or willfully failed to conduct an investigation of the disputed information; review all the relevant information provided by the consumer with notice; report the results of the investigation to the consumer reporting agency; and modify, delete, or permanently block the reporting of that item of information that is inaccurate. Defendant TAB Bank negligently and/or willfully failed to follow such required procedures and violated 15 U.S.C § 1681s(2)(b)(1). If Defendant TAB Bank had

5

properly followed said requirements they would have discovered that the Plaintiff did not owe this debt.

51. As a result of the failing to follow proper investigation requirements of disputed information, Tab Bank and/or Defendant Mission Lane negatively impacted Plaintiff's credit rating and adversely affected Plaintiff's ability to obtain credit.

52. As a direct and proximate result of such conduct, the Plaintiff suffered damage as set forth herein. Pursuant to 15 U.S.C.§1681o and 15 U.S.C.§1681n, Defendant Tab Bank and/or Defendant Mission Lane is liable to Plaintiff for statutory damages, actual damages as well punitive damages and her reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### Violation of NYFCRA §380-j(e)

53. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

54. Defendant Experian and TU prepared, compiled, issued, assembled, transferred, published and otherwise reproduced a consumer report regarding the Plaintiff, as that term is defined in New York General Business Law§380-a(c).

55. Such reports contained numerous entries which were inaccurate, erroneous and false. Experian knew, or should have known that the reports contained erroneous information.

56. Experian and TU negligently and/or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of New York General Business Law§380-j(e).

57. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

58. Experian and TU is liable to the Plaintiff for the actual damages she has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and she may recover therefore pursuant to New York General Business Law §380-m.

### THIRD CAUSE OF ACTION
### Violation of FCRA §1681e(b)

59. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

60. Defendant Experian and TU prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C.§1681a(d)

61. Such reports contained entries which were inaccurate, erroneous and false. Defendant Experian and TU knew, or should have known that the reports contained erroneous information.

62. Defendant Experian and TU negligently and/or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C.§1681e(b)

63. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

64. Pursuant to 15 U.S.C.§1681o and 15 U.S.C.§1681n, Defendants Experian and TU are liable to Plaintiff for statutory damages, actual damages as well punitive damages and her reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
**Violation of FCRA § 1681i**

65. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

66. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian and TU are liable to the Plaintiff for negligently and/or willfully failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. 1681i.

67. The conduct of Experian and TU was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: April 10, 2024

/s/Seth J. Andrews_____
Seth J. Andrews, Esq.
The Andrews Firm
43 Court St., Suite 810
Buffalo, NY 14202
716-906-8685
sandrews@theandrewsfirm.com